UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:21-cv-14290-Cannon/McCabe

BRIAN A. FUNDERBURK,

    Plaintiff,

v.

WILLIAM SNYDER,
in his official capacity as Sheriff of the
Martin County Sheriff's Office, and
STEVEN O'LEARY,
in his individual capacity,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION ON DE 47**

THIS CAUSE comes before the Court on a Motion for Summary Judgment ("Motion") (DE 47) filed by William D. Snyder in his official capacity as Sheriff of Martin County ("Sheriff"), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 63). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED**.

I.     **BACKGROUND**

This is a civil rights case alleging, inter alia, excessive force and false arrest. The record shows the following undisputed facts. At or around 8:45 P.M. on August 20, 2018, Martin County Deputy Sheriff Steven O'Leary responded to a residence to investigate an anonymous report of a domestic disturbance (DE 58-3 at 45:7-11, 56:9-10). O'Leary encountered Plaintiff at the residence and, after a series of events not relevant to this Motion, placed him under arrest for

violating Fla. Stat. § 843.02, which makes it unlawful to resist an officer without violence (DE 58-9).

Thereafter, the State Attorney for the Nineteenth Judicial Circuit charged Plaintiff with several counts, including resisting an officer *with* violence in violation of Fla. Stat. § 843.01 (DE 53-8 at 12). On April 18, 2019, Plaintiff entered into a plea agreement, whereby he agreed to plead no-contest to this offense (DE 58-12 at 4). A state court judge thereafter accepted the plea, adjudicated Plaintiff guilty of violating Fla. Stat. § 843.01 and sentenced him to sixteen months in prison (DE 53-9 at 1, 3, 8).

At some later point in time, Plaintiff decided to bring suit against the Sheriff arising from his arrest and incarceration. To that end, on or about January 15, 2021, Plaintiff sent a "Notification of Intention to File Claim" to the following addresses:

> Martin County Attorney's Office
> Sarah Woods
> County Attorney
> 2401 SE Monterey Rd.
> Stuart, FL 34996-3322
>
> Martin County Administrator
> Taryn Kryzda
> 2401 SE Monterey Rd.
> Stuart, FL 34996
>
> Florida Department of Financial Services
> Division of Risk Management
> 200 E. Gaines Street
> Tallahassee, FL 32399

(DE 58-13 at 5-7). Plaintiff sent these notifications by certified mail with return receipts requested (DE 58-13 at 1-3). Plaintiff submitted signed receipts into the record showing actual receipt by all three addressees (DE 58-13 at 1-3).

Plaintiff's administrative assistant also sent a fourth notification to the Sheriff, which she attested was "identical" to the versions sent to the Martin County Attorney and the Martin County Administrator, apart from the addressees (DE 68-1 at 1-2). Plaintiff has not, however, submitted a copy of this fourth notification into the record, nor has he submitted a return receipt to show actual receipt by the Sheriff. The Sheriff's General Counsel, meanwhile, has submitted an affidavit stating that the Sheriff never received any such notification (DE 53-10 ¶ 4).

On or about July 15, 2021, Plaintiff filed the Complaint in this case, alleging the following counts against Sheriff:

| | | |
|---|---|---|
| Count I | | Excessive Force Cognizable Against Sheriff Under Florida Law; |
| Count III | | False Arrest Against Sheriff Cognizable Under Florida Law; and |
| Count V | | Violation of Privacy-Intrusion Upon Seclusion Cognizable Under Florida Law. |

(DE 1 at 5, 7, 10). This Motion followed.

## II.   SUMMARY JUDGMENT STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact ... the court may ... grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016) (cleaned up).

In deciding a motion for summary judgment, courts must view the facts in the light most favorable to the non-moving party. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). Courts also must resolve ambiguities and draw justifiable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Ultimately, "the trial court may … deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Id.*

## III.   DISCUSSION

Sheriff seeks summary judgment on several grounds, each of which the Court will address in turn.

### A.   Failure to Comply with Fla. Stat. § 768.28(6)(a)

Sheriff first argues summary judgment should be entered on all counts because Plaintiff failed to comply with Fla. Stat. § 768.28(6)(a). Under that statute, the State of Florida and its political subdivisions agree to a limited waiver of sovereign immunity, but only upon compliance with certain conditions, including timely presentation of the claim to the appropriate agency:

4

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing; ....

Fla. Stat. § 768.28(6)(a).

A plaintiff must comply with this provision as a condition precedent to suing a state agency or political subdivision under Florida law. *See Com. Carrier Corp. v. Indian River Cnty.*, 371 So. 2d 1010, 1022 (Fla. 1979) ("Compliance with [§ 768.28(6)(a)] is clearly a condition precedent to maintaining a suit."). Since § 768.28(6)(a) functions as part of a waiver of sovereign immunity, the statute "must be strictly construed." *Levine v. Dade Cnty. Sch. Bd.*, 442 So. 2d 210, 212 (Fla. 1983); *see also Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988) ("[T]he language in the state's notice provision is clear and must be strictly construed.").

Moreover, the word "presents," as used in the statute, means not only that a plaintiff must send the claim to the appropriate agency, but that the agency must actually *receive* the claim. *Simmons v. Pub. Health Tr. of Miami-Dade Cnty.*, 338 So. 3d 1057, 1065 (Fla. 3d DCA 2022). This means the appropriate agency must receive the claim "in hand" by the appropriate deadline. *Id.* Because the statute must be construed strictly, this "leaves little room for substantial compliance." *Id.* (quoting *Hamide v. Dep't of Corrs.*, 584 So. 2d 136, 137 (Fla. 1st DCA 1991)).

Here, the undisputed facts show that Plaintiff presented the claim in writing to the Martin County Attorney and the Martin County Administrator by the appropriate deadline (DE 58-13 at 5-6). The Court finds these two notifications did not qualify as "presenting the claim" to the Sheriff under § 768.28(6)(a). As to the County Attorney, the Florida Supreme Court addressed this precise issue in *Pirez v. Brescher*, 584 So. 2d 993, 994 (Fla. 1991), where it answered the following question of great public importance:

> DOES NOTICE GIVEN ONLY TO THE BROWARD COUNTY ATTORNEY'S OFFICE PURSUANT TO SECTION 768.28(6)(a) SUFFICE TO SUPPORT AN ACTION ON A CLAIM AGAINST THE SHERIFF'S OFFICE OF BROWARD COUNTY?

The *Pirez* court answered in the negative, following the reasoning of Florida's Fourth District Court of Appeal:

> Sheriffs in most counties are elected constitutional officers operating their own bandwagons, even taking out their own insurance out of their own budgets to safeguard them against claims such as the one before us now. We do not agree that notice to the county attorney's office, when it does not represent the sheriff and when the county is not even named as a defendant, satisfies the intent of the legislature.

*Id.* at 995 (quoting *Pirez v. Brescher*, 566 So. 2d 577, 578-79 (Fla. 4th DCA 1990)). As a result, the Florida Supreme Court found that "Pirez failed to give proper notice of his claim and thus failed to comply with a condition precedent to the waiver of sovereign immunity." *Id.*

As to the Martin County Administrator, the Court likewise finds the notice provided did not suffice. In 2011, another court in this district answered a similar question when a plaintiff alleged statutory pre-suit notice upon the Broward County Board of County Commissioners, rather than upon the Broward County Sheriff. *See Lannen v. Broward Cnty. Sheriff's Off.*, No. 10-61311-CIV, 2011 WL 13214322, at *4 (S.D. Fla. Aug. 29, 2011). The *Lannen* court dismissed the complaint reasoning that, pursuant to *Pirez*, the County and the Sheriff must be treated as separate "agencies" for purposes of § 768.28(6)(a). *Id.* at *5. This Court agrees with *Lannen* and finds that Plaintiff's notice to the Martin County Administrator, an agent of the Martin County Board of County Commissioners, did not qualify as "presenting the claim" to the Sheriff under § 768.28(6)(a).

Plaintiff next argues that a genuine issue of material fact remains based on the affidavit of counsel's administrative assistant, who stated she mailed a notification to the Sheriff, which was

identical to the certified mail notifications sent to the County Attorney and County Administrator, apart from the addressees (DE 68-1 at 1). The Court finds this evidence insufficient to create a genuine issue of material fact, in light of the affidavit from Sheriff's General Counsel indicating that Sheriff never received any such notification (DE 53-10 ¶ 4). As explained in *Simmons*, 338 So. 3d at 1060, the statute requires not merely that a plaintiff send the claim, but that the appropriate agency *receive* the claim "in hand" by the appropriate deadline. Although the assistant attested that she sent the letter to the Sheriff by certified mail, Plaintiff has not produced a copy of the letter or the return receipt that shows actual receipt by the Sheriff. The Court cannot find a genuine issue of material fact remains under these circumstances.

Plaintiff also points to a notation made at the bottom of the letter he mailed to the Florida Department of Financial Services ("DFS"). The notation indicates that Plaintiff included, as an enclosure to the DFS letter, a copy of a notice sent to the Sheriff, i.e., "Enclosure: Notice to Martin County Sheriff's Office" (DE 58-13 at 7). Although Plaintiff has not submitted a copy of this missing enclosure into the record, he points to the notation as proof that he, in fact, mailed a notification to the Sheriff and that DFS received a copy of this notification (DE 68 at 2-3).

The Court finds this evidence insufficient to create a genuine issue of material fact. Like the affidavit of the administrative assistant, the notation constitutes evidence of *mailing*, but it does not constitute evidence of actual *receipt* by the Sheriff, as required by the statute. As to receipt by DFS, this does not qualify as "presenting the claim" to the Sheriff because the Sheriff and DFS are separate agencies. *See Pirez*, 584 So. 2d at 995 (finding that notice to Broward County Attorney did not qualify as notice to Broward County Sheriff). Moreover, under the statute, a plaintiff suing a municipality or county need not present the claim to DFS at all. *See* Fla. Stat. § 768.28(6)(a)

(requiring presentation to DFS "except as to any claim against a municipality, county, or the Florida Space Authority").

For all of these reasons, the Court finds the undisputed facts show that Plaintiff failed to comply with Fla. Stat. § 768.28(6)(a).  Sheriff argues this conclusion must lead to summary judgment because the time limit for compliance has now lapsed and cannot be cured.  The Florida Supreme Court noted a similar problem in *Pirez*:

> The Court further finds that more than three (3) years have elapsed since Defendant/Cross–Plaintiff's Crossclaim has accrued without sufficient notice being served on GEORGE BRESCHER as Sheriff of Broward County. Therefore, the granting of Defendant GEORGE BRESCHER's Motion to Dismiss without prejudice and with leave to amend would be an exercise in futility for Defendant/Cross–Plaintiff MIGUEL PIREZ since he cannot, by virtue of F.S. 768.28(6)(a) amend his crossclaim so as to render it viable.

584 So. 2d at 995.  As in *Pirez*, this Court finds that more than three years have elapsed since Plaintiff's claim accrued without statutory compliance on the Sheriff.  As such, the Court recommends that summary judgment be entered in Sheriff's favor on Counts I, III, and V based on failure to comply with Fla. Stat. § 768.28(6)(a).

### B.   Alternative Recommendations

Given the Court's recommendation in section III.A, the Court need not reach the remaining issues raised by the Motion.  Nevertheless, and for the benefit of the District Court, the undersigned will do so.

#### 1.   Count III & Collateral Estoppel

Count III alleges Sheriff committed the Florida common law tort of false arrest (DE 1 at 7-8).  Sheriff argues summary judgment should be entered on this count under the doctrine of collateral estoppel.  Specifically, Sheriff points out that Plaintiff pled no-contest in state court to the criminal charge of resisting an officer with violence, in violation of Fla. Stat. § 843.01 (53-9;

DE 58-10; DE 58-12 at 4). Given this plea, Sheriff argues that collateral estoppel bars Plaintiff from bringing a civil tort claim seeking to prove a "false" arrest.

The Court disagrees. Collateral estoppel does not apply when the prior criminal proceeding "did not necessarily resolve the civil issue under consideration." *Sconiers v. Lockhart*, 946 F.3d 1256, 1269 (11th Cir. 2020). For the doctrine of collateral estoppel to apply under Florida law, five elements must be present: "(1) an identical issue must have been presented in the prior proceedings; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings must be identical; and (5) the issues must have been actually litigated." *Criner v. State*, 138 So. 3d 557, 558 (Fla. 5th DCA 2014) (citations omitted).

In this case, Plaintiff seeks to prove, by way of Count III, that his arrest was "false" or "unlawful." *See Zivojinovich v. Ritz Carlton Hotel Co., LLC*, 445 F. Supp. 2d 1337, 1346 (M.D. Fla. 2006) ("The tort of false imprisonment or false arrest is defined as the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty."). In his previous state court criminal case, however, Plaintiff pled no-contest to violating Fla. Stat. § 843.01 – an offense that does *not* require proof of a "false" or "unlawful" arrest. Instead, this statute makes it unlawful to use force against a police officer "even if the arrest [is] illegal." *State v. Davis*, 652 So. 2d 942 (Fla. 5th DCA 1995); *see also State v. Espinosa*, 686 So. 2d 1345, 1347 (Fla. 1996) (noting that "courts have consistently read section 776.051(1), Florida Statutes (1995), in pari materia with section 843.01 to eliminate [the requirement] that [the arrest be legal] as to the offense of resisting arrest with violence"). Accordingly, Plaintiff's past no-contest plea and his current civil suit do not present "identical" issues for purposes of collateral estoppel.

For the same reason, the Court rejects Sheriff's argument that *Behm v. Campbell*, 925 So. 2d 1070, 1073 (Fla. 5th DCA 2006) bars Count III. In *Behm*, the court affirmed summary judgment against a plaintiff who sued a police officer for false arrest after having entered a no-contest plea to violating Fla. Stat. § 843.02, i.e., resisting an officer *without* violence. *Id.* The court noted that a no-contest plea functions as a conviction, which in turn established "conclusive" evidence of probable cause for the plaintiff's underlying arrest. *Id.* at 1073. Citing to *Heck v. Humphrey*, 512 U.S. 477 (1994), the court reasoned that the plaintiff's no-contest plea foreclosed him from "collaterally attacking" the legality of his underlying arrest by way of a subsequent civil action for false arrest. *Id.* at 1072.

*Behm* does not apply here because the plaintiff in *Behm* pled no-contest to a violation of § 843.02, i.e., resisting an officer *without* violence, whereas the plaintiff here pled no-contest to a violation of § 843.01, resisting an officer *with* violence. Unlike its counterpart, § 843.01 does *not* require proof of a valid underlying arrest. *See Espinosa*, 686 So. 2d at 1347; *Davis*, 652 So. 2d at 942. Because § 843.01 applies even to *false* and *illegal* arrests, the Court finds no contradiction between Plaintiff's past no-contest plea and his efforts to pursue Count III. The Court therefore rejects Sheriff's collateral estoppel and *Behm* arguments.

### 2. Count V & the Florida Constitution

Finally, Count V alleges Sheriff violated Plaintiff's privacy rights, citing to the privacy protections of Article 1, Sections 12 and 23 of the Florida Constitution (DE 1 ¶ 46). As Sheriff points out, however, a plaintiff cannot bring a claim for money damages based on a violation of the Florida Constitution. *See, e.g.*, *Corbett v. Transp. Sec. Admin.*, 968 F. Supp. 2d 1171, 1191-92 (S.D. Fla. 2012) ("In Florida, no cause of action exists for money damages for a violation of a

10

state constitutional right.") (cleaned up). Based on these cases, Sheriff argues summary judgment should be entered on Count V.

The Court disagrees. Florida law also recognizes a common law cause of action for invasion of privacy. *See Resha v. Tucker*, 670 So. 2d 56, 59 (Fla. 1996) (noting that "Florida courts are open to invasion of privacy claims under the common law, provided all the elements of the cause of action are proved"). Florida courts have applied this cause of action to factual scenarios involving police officers who improperly enter a private home. *See, e.g.*, *Guin v. City of Riviera Beach*, 388 So. 2d 604, 606 (Fla. 4th DCA 1980) ("Thus, unless the law provides some special exception applicable to the facts in this case, there was both a trespass and an invasion of privacy when the police entered and searched appellant's residence.").

At the motion-to-dismiss stage, a complaint need not identify the correct legal theory so long as it alleges facts to support a claim. *See Mclean v. Carnival Corp.*, No. 22-23187-civ, 2023 WL 372061, at *3 (S.D. Fla. Jan. 24, 2023) ("Although the Plaintiff puts forward an incorrect legal theory for a claim of vicarious liability in both counts … the Plaintiff nonetheless pleads sufficient facts to support claims for vicarious liability in both counts."); *Funtana Vill., Inc. v. City of Panama City Beach*, No. 5:15CV282, 2016 WL 7638470, at *5 (N.D. Fla. Jan. 19, 2016) (noting that "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal"). The same logic should apply at summary judgment. The Court therefore declines to recommend summary judgment based upon the mere fact that Count V erroneously cites the Florida Constitution as the source of Plaintiff's cause of action.

## IV.   CONCLUSION & NOTICE OF RIGHT TO OBJECT

Based on the foregoing, the undersigned **RECOMMENDS** that Sheriff's Motion (DE 47) be **GRANTED** as follows:

(1) As set forth in section III.A, summary judgment should be entered in Sheriff's favor on Counts I, III and V based on Plaintiff's failure to comply with Fla. Stat. § 768.28(6)(a).

(2) The alternative recommendations set forth in section III.B apply only if the District Court declines to adopt the recommendations set forth in section III.A.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 27th day of March 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE