UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14290-CIV-CANNON/McCabe

**BRIAN FUNDERBURK**,

    Plaintiff,
v.

**STEVEN O'LEARY** and
**SHERIFF WILLIAM D. SNYDER**,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 70]**

**THIS CAUSE** comes before the Court upon Defendant Sheriff William D. Snyder's Motion for Summary Judgment (the "Motion") [ECF No. 47].[1] On March 27, 2023, Judge Ryon M. McCabe issued a report recommending that Defendant Sheriff's Motion be granted because Plaintiff failed to comply with the pre-suit notice requirements of Fla. Stat. § 768.28(6)(a), or, in the alternative, that the Motion be denied as to Counts III and V on the merits (the "Report") [ECF No. 70]. Defendant Sheriff filed Objections to the Report's alternative recommendation [ECF No. 73]. The Court has reviewed the Report [ECF No. 70], Defendant Sheriff's Objections [ECF No. 73], and the full record.[2] For the reasons set forth below, the Report [ECF No. 70] is **ACCEPTED**.

---

[1] Defendant Steven O'Leary's Motion for Summary Judgment was addressed by separate Order [ECF No. 74].

[2] Plaintiff neither filed objections to the Report nor responded to Defendant Sheriff's Objections. The time to do so has expired [ECF No. 70 p. 12].

CASE NO. 21-14290-CIV-CANNON/McCabe

## FACTUAL BACKGROUND

This case stems from Plaintiff's arrest by Defendant Steven O'Leary ("O'Leary"), a former deputy sheriff at the Martin County Sheriff's Office ("MCSO"). As relevant here, Plaintiff argues that Defendant Sheriff, as O'Leary's employer, is liable under state law for O'Leary's use of excessive force, false arrest of Plaintiff, and deprivation of Plaintiff's privacy rights under the Florida Constitution. The undisputed facts are set forth in the Report and reiterated below for brief context.

On August 20, 2018, an anonymous individual made a 911 call and reported a potential domestic dispute at Plaintiff's residence in Palm City, where Plaintiff resided with his girlfriend; O'Leary and Deputy Sheriff Michael Coccaro were dispatched to investigate [ECF No. 53 ¶¶ 1–2; ECF No. 58 ¶ 6]. O'Leary encountered Plaintiff at the residence and, after a series of events not relevant to this Motion, placed him under arrest for violating Fla. Stat. § 843.02, which makes it unlawful to resist an officer without violence [ECF No. 58-9].

As a result of his arrest, the State Attorney for the Nineteenth Judicial Circuit charged Plaintiff with several counts, including resisting an officer with violence, in violation of Fla. Stat. § 843.01 [ECF No. 58 ¶ 42]. On April 19, 2018, Plaintiff pled no contest to the charge of resisting an officer with violence [ECF No. 58 ¶ 42–43; ECF No. 49 ¶ 41]. Plaintiff was adjudicated guilty of the charge by a state court judge and sentenced to sixteen months' imprisonment [ECF No. 58 ¶ 44; ECF No. 49 ¶ 43].

Prior to filing the instant suit, Plaintiff sent out a document entitled "Notification of Intent to File Claim" via certified mail to the (1) Martin County Attorney's Office [ECF No. 58-13 p. 5]; (2) Martin County Administrator [ECF No. 58-13 p. 6]; and (3) Florida Department of Financial Services [ECF No. 58-13 p. 7]. The signed certified mail receipts show that each of the above entities received Plaintiff's mailing [ECF No. 58 pp. 1–3]. An administrative assistant who works with Plaintiff's counsel filed a declaration stating that she mailed a copy of the same Notification

of Intent to the MCSO [ECF No. 68-1]. But Plaintiff provides no documentary proof of that fourth mailing or receipt by Defendant Sheriff, and the administrative assistant makes no reference in the declaration to MCSO receiving the Notification of Intent. Meanwhile, in a separate sworn affidavit, Defendant Sheriff's general counsel declares that, "[t]o date, the Martin County Sheriff's Office has not received a notice of claim letter in compliance with the requirements of Florida Statute § 768.28(6)" [ECF No. 53-10]. Plaintiff provides no evidence to rebut Martin County's sworn statement that it did not receive notice of the Notification, relying instead solely on the administrative assistant's declaration to establish the purported statutory notice provided [ECF No. 68 pp. 1–4; ECF No. 68-1].

## RELEVANT PROCEDURAL HISTORY

On July 15, 2021, Plaintiff filed a six-count Complaint against Defendant Sheriff and Defendant O'Leary [ECF No. 1]. As relevant here, the Complaint asserts claims under Florida law alleging that Defendant Sheriff, as O'Leary's employer, is liable for: (1) excessive force [ECF No. 1 ¶¶ 27–31 (Count I)]; (2) false arrest [ECF No. 1 ¶¶ 36–40] (Count III); and (3) violation of privacy [ECF No. 1 ¶¶ 44–48] (Count V).

On January 10, 2023, Defendant Sheriff moved for summary judgment on all counts brought against him (Counts I, III, and V) [ECF No. 47]. The Court referred the Motion to Magistrate Judge McCabe for a Report and Recommendation [ECF No. 37]. The Report is ripe for adjudication [ECF Nos. 70, 73].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or

3

CASE NO. 21-14290-CIV-CANNON/McCabe

modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

The Report first addresses the matter of pre-suit notice under Fla. Stat. § 768.28(6)(a), agreeing with Defendant Sheriff on the summary judgment record that Plaintiff did not "present" his claim to the applicable state agency, in this case, MCSO, as required by Fla. Stat. § 768.28(6)(a) [ECF No. 70 pp. 4–8].[3] The Court agrees with the sound reasoning in the Report on this issue, to which Plaintiff has lodged no objection. As the Report makes clear, the act of "present[ing] the claim in writing" to the appropriate agency under Fla. Stat. § 768.28(6)(a) means that a plaintiff must send the claim to the appropriate agency in writing *and* that the agency must receive the claim "in hand" by the appropriate deadline [ECF No. 70 p. 5 (citing *Simmons v. Pub. Health Tr. of Miami-Dade Cnty.*, 338 So. 3d 1057, 1065 (Fla. Dist. Ct. App. 2022))]. Such pre-suit notice is a clear and mandatory condition precedent to suing a state agency in Florida, yet the summary judgment record here leaves no genuine dispute that Plaintiff did not comply with it. Plaintiff does not provide mail receipts or other documentary evidence showing that MCSO received his Notification (contrary to the record evidence showing mailings to and received by the Martin County Attorney's Office, the Martin County Administrator, and the Florida Department of

---

[3] Fla. Stat. § 768.28(6)(a) provides, in relevant part: "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, *presents* such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing." Fla. Stat. § 768.28(6)(a) (emphasis added).

4

CASE NO. 21-14290-CIV-CANNON/McCabe

Financial Services). And, although an administrative assistant employed by Plaintiff's counsel declares that she mailed the Notification to the MCSO, nothing in her declaration shows actual receipt of such notice by the Sheriff, and the Sheriff's General Counsel avers in an unrebutted sworn affidavit that MCSO never received any such notification from Plaintiff.

On these undisputed facts, the Report correctly determines that Plaintiff failed to comply with the strict notice requirements of Fla. Stat. § 768.28(6)(a). Defendant Sheriff is thus entitled to summary judgment on Plaintiff's claims against him because the time limit for compliance has lapsed and cannot be cured [ECF No. 70 p. 8]. The Court agrees with and accepts this unobjected-to recommendation and therefore declines to address the Report's alternative recommendation to deny summary judgment on the merits of Counts III and V [ECF No. 70 pp. 8–11].

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 70] is **ACCEPTED** insofar as it recommends summary judgment in favor of Defendant Sheriff because of Plaintiff's failure to provide the requisite pre-suit notice under Florida law.

2. Defendant Sheriff William Snyder's Motion for Summary Judgment [ECF No. 47] is **GRANTED**.

3. Separate final judgment to follow pursuant to Federal Rule of Civil Procedure 58.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 24th day of May 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record