UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14290-Cannon/McCabe

BRIAN FUNDERBURK

    Plaintiff,

v.

WILLIAM SNYDER, in his official capacity as
Sheriff of the Martin County Sheriff's Office
and STEVEN O'LEARY, in his individual
capacity,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Defendant Snyder's Renewed Motion for Bill of Costs ("Motion") (DE 108), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 109). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

This case stems from Plaintiff's arrest by Defendant Steven O'Leary, a former deputy sheriff at the Martin County Sheriff's Office. Plaintiff alleged that Defendant Snyder, as O'Leary's employer, was liable under state law for, inter alia, O'Leary's use of excessive force. On March 27, 2023, the undersigned issued a Report recommending that Defendant Snyder's Motion for Summary Judgment be granted based on notice and statute-of-limitations grounds (DE 70). Thereafter, the District Court accepted the Report and entered final judgment in favor of Defendant Snyder (DE 77, DE 78). This Motion followed.

## II.     DISCUSSION

Snyder seeks to tax costs in the amount of $3,881.73 pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 (DE 108, DE 101).  The Court will address entitlement first, then amount.

### A.     Entitlement

Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  For purposes of this rule, "prevailing party" means the party in whose favor judgment was rendered by the court. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).  "A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit." *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005).

In this case, the parties litigated the case through summary judgment, after which, the District Court entered judgment in favor of Defendant Snyder (DE 78).  Snyder therefore meets the definition of "prevailing party" for purposes of Rule 54(d)(1).  The Court rejects Plaintiff's argument that Snyder did not "prevail" because he won only on "technical issues" (DE 121 at 2).  Snyder prevailed on notice and statute-of-limitations grounds (DE 70, DE 77).  The Court finds these grounds sufficient to deem Snyder the prevailing party. *See Marbolo, LLC v. Swire Pacific Holdings, Inc.* No. 09-20404-civ, 2009 WL 2258335, at *1 (S.D. Fla. July 29, 2009) (finding "the statute of limitations under ILSA had run and, therefore, … [defendant] is the prevailing party" and entitled to cost under 28 U.S.C. § 1920).

### B.     Amount

Snyder requests the Court to tax a variety of costs, each of which the Court will address turn.

#### 1.     Service of Process Costs

First, Snyder requests $45.00 for the cost of serving a subpoena issued to obtain medical records from Plaintiff's eye doctor (DE 108 at 1, DE 108-1 at 1, DE 108-2 at 1). Pursuant to 28 U.S.C. § 1920(1), a prevailing party may recover such costs, up to the amounts charged by the United States Marshal's Service to effectuate service. *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). Snyder's request falls within this amount, so the Court will allow it.

#### 2.     Transcript Costs

Snyder next requests $3,770.70 in costs associated with three depositions: (1) Defendant O'Leary, (2) Plaintiff Funderburk, and (3) witness Kelsey Carrick (DE 108 at 1, DE 108-1 at 2-4, DE 108-2 at 1). Pursuant to 28 U.S.C. § 1920(2), a prevailing party may recover costs associated with "transcripts necessarily obtained for use in the case." Here, Plaintiff prevailed at summary judgment without the need for these transcripts. Indeed, Snyder's Motion for Summary Judgment (DE 47) did not cite any of the depositions for which he now seeks to recover costs.[1] As such, the Court declines to allow costs for ordering transcripts, condensed transcripts, and the like. *Cf. Osahar v. U.S. Postal Serv.*, 136 F. App'x 259, 261 (11th Cir. 2005) (allowing deposition costs where "the entirety of Osahar's deposition transcript was filed in support of the USPS's motion for summary judgment); *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 619-20 (11th Cir.2000) ("A

---

[1] Snyder's Statement of Undisputed Facts (DE 53) cited heavily to the three depositions, but only because it was "identical to what was filed by Defendant Steven O'Leary at DE 49 which was originally intended to be filed on behalf of both Defendants" (DE 53 at n.1). Co-Defendant O'Leary's Motion for Summary Judgment relied extensively on the three depositions (DE 48). Snyder's Motion for Summary Judgment, in contrast, did not rely upon, or even reference, any of the depositions (DE 47).

district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.").

The Court recognizes, however, that it was reasonable and necessary for Snyder to take the depositions of the key witnesses in the case (separate and apart from ordering the transcripts). For this reason, the Court will allow recovery of court reporter attendance fees associated with these depositions, which amounted to $905.00 (DE 108 at 1, DE 108-1 at 3-4, DE 108-2 at 1). Apart from these attendance fees, the Court declines to tax any remaining deposition costs.

### 3. Copy Fees

Snyder next requests $43.53 for costs incurred in making copies of "SAO Records – *State v. Funderburk* case No. 43-18-CF-001156-A (236 copies)" (DE 108 at 1, DE 108-1 at 5, DE 108-2 at 2). Snyder also requests $22.50 for copies of Plaintiff Funderburk's change-of-plea transcript (DE 108-1 at 6, DE 108-2 at 2). Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover costs associated with "making copies of any materials where the copies are necessarily obtained for use in the case." When a prevailing party seeks such costs, "the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for." *George v. Fla. Dep't. of Corrs.*, No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008).

Here, the Court finds it reasonable and necessary for Snyder to have obtained the copies at issue in defending the lawsuit. Moreover, the Court finds the amounts requested to be reasonable. The Court will therefore allow these costs.

### 4. Interest

Snyder also requests post-judgment interest (DE 101 at 2). "When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original

4

judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994). Here, the District Court entered judgment on May 24, 2023 (DE 78). Accordingly, post-judgment interest should accrue from May 24, 2023, at the rate set forth in 28 U.S.C. § 1961.

## III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 108) be **GRANTED IN PART** and **DENIED IN PART**, and that costs be taxed as follows:

| | |
|---|---|
| Service of Process Costs | $45.00 |
| Court Reporter Attendance Costs | $905.00 |
| Copy Costs | $66.03 |
| **Total** | **$1,016.03** |

This sum shall bear post-judgment interest from May 24, 2023, at the rate set forth in 28 U.S.C. § 1961.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of August 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE