UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRIAN A. FUNDERBURK,   CASE NO.:2:21-cv-14290-CANNON

    Plaintiff,

v.

WILLIAM SNYDER in his official capacity
as Sheriff of the Martin County Sheriff's
Office and STEVEN O'LEARY, in his
individual capacity,

    Defendants.

_____/

## DEFENDANT SHERIFF'S VERIFIED MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES[1]

Defendant WILLIAM SNYDER, in his official capacity as Sheriff of the Martin County Sheriff's Office, through his undersigned counsel, hereby files this Verified Motion to Determine Entitlement to Attorneys' Fees pursuant to Florida Statute §768.79, Federal Rule of Civil Procedure 54(d)(2) and Southern District of Florida Local Rule 7.3, and hereby moves this Honorable Court to enter an Order granting Defendant Sheriff's attorneys' fees and as support would state as follows:

1. Plaintiff filed this action seeking monetary damages against the Defendant Sheriff based on the actions of his deputies.

2. In his Answer/Defenses, Defendant Sheriff raised as a defense that Plaintiff

---

[1] As set forth in the Local Rule 7.1(a)(3) statement at the end of this document, it appears that the parties have reached an agreement as to the Defendant Sheriff's attorneys' fees and costs in this proceeding. However, the instant motion is being filed in an abundance of caution in the event the agreement reached is not timely completed to fruition.

1

had failed to properly give notice to the Sheriff (and Department of Financial Services) pursuant to Florida Statute §768.28(6) which was a condition precedent to the subject action. (See DE 20, pg. 5, ¶4).

3. On November 14, 2022, Defendant Sheriff served a Proposal for Settlement on the Plaintiff pursuant to Florida Statute §768.79 and Fla. R.Civ.Pro. 1.442 in the amount of $850.00 (See Exhibit A). The Proposal for Settlement offered to settle all of the Plaintiff's claims against the Defendant William Snyder, in his official capacity as Sheriff of Martin County Sheriff's Office, all of which were state law claims. The Defendant Sheriff's Proposal for Settlement complied with Florida Statutes and Rules of Civil Procedure in that it named the party making the proposal and the party to whom the proposal was being made. The Proposal for Settlement also identified the claims and specified the total amount of the proposal and all non-monetary terms.

4. The Plaintiff did not deliver written notice of acceptance within thirty (30) days after the Proposal for Settlement. Thus, the Proposal for Settlement was deemed rejected under Florida law. See Florida Statute §768.79.

5. Defendant Sheriff's Proposal for Settlement was made in good faith and based upon Plaintiff's failure to give timely notice of claim within three (3) years of the subject incident which failure could not be cured and was fatal to Plaintiff's claims against Defendant Sheriff.

6. Florida's offer of judgment rule is substantive law. See McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001); Garan Inc. v. MN Aivik, 907 F. Supp. 397, 399 (S.D. Fla. 1995). Accordingly, Florida's offer of judgment rule applies to this case.

7. Florida's Offer of judgment statute triggers a defendant's entitlement to recovery of attorneys' fees when: (1) the defendant has served an offer of judgment and (2) the final judgment is at least twenty-five percent less than the offer. Fla. Stat. § 768.79(6)(a). As long as the

offer was made in good faith and the statutory criteria has been met, an award of attorneys' fees is mandatory. Illoominate Media Inc. v. CAIR Fla. Inc., No. 9:19-CV-81179-RAR, 2021 WL 4030008, at *2 (S.D. Fla. Aug. 4, 2021).

8. It is entirely appropriate for Defendant Sheriff to recover fees pursuant to §768.79, Florida Statutes for Plaintiff's rejection of the eight-hundred-and-fifty-dollar ($850) Proposal for Settlement. See Allstate Ins. Co. v. Silow, 714 So. 2d 647, 650 (Fla. 4th DCA 1998) ($100 offer of judgement was enforceable because of its reasonable foundation based on its estimate of the value of the insured's recovery); Weesner v. United Servs. Auto. Ass'n, 711 So. 2d 1192 (Fla. 5th DCA 1998) (offer of $100 was a "good faith offer" for purposes of applying offer of judgment statute), Rev. denied, 727 So.2d 914 (Fla. 1999); Deltona House Rentals, Inc. v. Cloer, 734 So. 2d 586 (Fla.5th DCA 1999) (Offer of judgement in the amount of $101 was enforceable; trial court's denial of motion for attorney fees was reversed, "We reverse because this suit was a case of zero (0) liability from the outset and, notwithstanding the amount of damages, the offer should have been accepted."); Fox v. McCaw Cellular Commc'ns of Fla., Inc., 745 So. 2d 330 (Fla. 4th DCA 1998) ($100 Proposal for Settlement served pursuant to §768.79 was made in good faith and was enforceable); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So. 2d 874 (Fla. 2nd DCA 1997) (finding $1 offer of judgment made in good faith).

9. On January 10, 2023 Defendant Sheriff filed a Motion for Summary Judgment based in large part on Plaintiff's failure to comply with the notice requirements of Florida Statute section 768.28. [DE 47]. After the motion was fully briefed and a hearing was held, the Magistrate Judge issued a Report and Recommendation that the Sheriff's Motion for Summary Judgment be granted. [DE 70]. On May 24, 2023, this Honorable Court accepted the Magistrate Judge's Report

and Recommendation as to the Defendant Sheriff's Motion for Summary Judgment and granted same. [DE 77].

10. Final judgment was entered in favor of Defendant Sheriff on May 25, 2023 [DE 78].

11. Pursuant to Fla. Stat. § 768.79(1):

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

12. Because Plaintiff rejected Defendant Sheriff's reasonable attempt to resolve this lawsuit as to the Sheriff, Defendant Sheriff was required to incur the time and expense of continuing to litigate the case through summary judgment.

13. Defendant Sheriff is entitled to an award of attorney's fees from the date of service of the November 14, 2022 Proposal through the conclusion of this litigation. See § 768.79, Fla. Stat.; Fla. R. Civ. P. 1.442. Based upon Defendant Sheriff's reasonable belief that the Plaintiff could not establish liability against Defendant Sheriff, the amount of the Proposal for Settlement constitutes a valid, good-faith offer under Section 768.79 and Rule 1.442.

14. Counsel for Defendant Sheriff has prepared and submitted an affidavit itemizing the attorneys' fees that were incurred over the course of the litigation with the Plaintiff since the proposal for settlement was served. The hours expended, and the hourly rates are set forth within the affidavit. Defendant Sheriff asserts that these hours were reasonable and in conformity with prevailing market rates. The attorneys' fees incurred for the case for which Defendant Sheriff is

entitled to recover from the Plaintiff are broken down by date, task performed, and the individuals performing the task.

15. The law firm of Purdy, Jolly, Giuffreda, Barranco & Jisa, P.A. (PJGBJ) has billed $17,681.30 in attorneys' fees since November 15, 2022, in connection with this matter (all fees billed by PJGBJ occurred after the Proposal for Settlement). Pursuant to the terms of the agreement with Defendant Sheriff's self-insurance carrier (Florida Sheriffs Risk Management Fund), partner level attorneys (Summer Barranco and Richard Giuffreda) billed at an hourly rate of $193.00 per hour. Paralegals billed at an hourly rate of $49.00 per hour. A total of 72.50 attorney hours and 74 paralegal hours were spent on the file from November 15, 2022, to the date of final judgment. (See Exh. B – Affidavit of Summer Barranco, Esq.).

16. Attorney Summer Barranco (Florida Bar Number 984663) was first admitted to practice law in the state of Florida in 1993 and is a partner with the firm. Ms. Barranco has focused on the defense of law enforcement agencies and their officers which involves complex civil rights claims as well as state law tort claims related to law enforcement for the entirety of her career.

17. Attorney Richard Giuffreda (Florida Bar Number 705233) was first admitted to practice law in the state of Florida in 1987. Mr. Giuffreda worked as an assistant state attorney from 1987 until 1992 when he joined this firm. Like Ms. Barranco, Mr. Giuffreda's practice is devoted to the defense of lawsuits involving law enforcement agencies and their officers.

18. Paralegal Infantino has been a paralegal in Florida since May of 2020, and has worked diligently on dozens of civil litigation cases. Paralegal Brea and Paralegal Morgan have been employed as paralegals in Florida for over ten years and have worked on hundreds of civil litigation cases. Accordingly, the Defendant would request that this Court issue an Order awarding the Defendant $17,681.30 in attorneys' fees and costs incurred in defending this matter.

19. The number of hours reasonably expended by each member of the firm are as follows:

Summer Barranco: 70.50 hours at a rate of $193.00/hr.

Richard Giuffreda: 2 hours at a rate of $193.00/hr.

Isabella Infantino: 67.30 hours at a rate of $49.00/hr

Cecilia Brea: 6.5 hours at a rate of $49.00/hr

Jennifer Morgan: .20 hours at a rate of $49.00/hr

20. The fees sought are reasonable and necessarily incurred in defending the Defendant Sheriff against Plaintiff's claims. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (Balloon v. Stenson, 465 U.S. 886, 895-96 (1984). The hourly rates billed by the attorneys for Defendant Sheriff are below the prevailing market rate for similar services performed by lawyers of comparable skill, experience and reputation. There are several additional factors to be considered in determining a reasonable fee, including: (1) Time and labor required; (2) The novelty and difficulty of the issues; (3) The skill required to perform the legal services properly; (4) Preclusion of other employment; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by client or the circumstances; (8) The amount involved in the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 608-CV-1182-ORL22DAB, 2010 WL 98991, at *1 (M.D. Fla. Jan. 6, 2010), these factors when considered in this case weigh in favor of awarding fees in the amount requested.

21. As set forth above, Defendant Sheriff is entitled to recover his reasonable attorneys' fees incurred.

WHEREFORE, Defendant, WILLIAM SNYDER, respectfully requests that this Court enter an Order that Defendant Sheriff is entitled to reasonable attorney fees.

## LOCAL RULE 7.1(a)(3) STATEMENT

Undersigned counsel has conferred with Plaintiff's counsel regarding the relief sought in this motion and it appears that the parties have reached an agreement as to the Defendant Sheriff's attorneys' fees and costs in this proceeding. However, the instant motion is being filed in an abundance of caution in the event the agreement reached is not timely completed to fruition.

## LEAD COUNSEL VERIFICATION

In compliance with Local Rule 7.3(a)(7), the undersigned verifies under penalty of perjury that she has reviewed the foregoing Motion for Attorneys' Fees and that the amount sought therein is true and accurate as well as reasonable and necessary to the defense of the Defendant Sheriff against the Plaintiff's claims.

*/s/ Summer M. Barranco*
SUMMER M. BARRANCO, ESQUIRE
Fla. Bar No. 984663

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that pursuant to L.R. 7.3(b), a copy of the foregoing was sent via email and certified mail (return receipt requested) to: **KEVIN R. ANDERSON, ESQUIRE,** Anderson & Welch, LLC, 500 S. Australian Avenue, 6th Floor, West Palm Beach, Florida 33401-6237 (Email: andewelch@andersonandwelch.com) and by email to: **BRUCE R. BOGAN, ESQUIRE and DAVID R. JADON, ESQUIRE**, Hilyard, Bogan & Palmer, P.A., Post Office Box 4973, Orlando, FL 32802-4973, (Emails: bbogan@hilyardlawfirm.com; djadon@hilyardlawfirm.com, Attorneys for Defendant O'Leary, on 21st day of July, 2023 and a

7


final copy of the foregoing was thereafter electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the foregoing this 23rd day of August, 2023.

        PURDY, JOLLY, GIUFFREDA,
BARRANCO & JISA, P.A.
Attorneys for Defendant *Sheriff*
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
E-mail: summer@purdylaw.com;
       isabella@purdylaw.com

BY:   ***s/ Summer M. Barranco***
       SUMMER M. BARRANCO
       Fla. Bar No. 984663