UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14290-CIV-CANNON/McCabe

**BRIAN FUNDERBURK**,

    Plaintiff,

v.

**STEVEN O'LEARY** and
**SHERIFF WILLIAM D. SNYDER**,

    Defendants.
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 128]

**THIS CAUSE** comes before the Court upon Defendant Sheriff William D. Snyder's Renewed Motion for Bill of Costs (the "Motion") [ECF No. 108].[1] The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 109]. On August 2, 2023, Judge McCabe issued a report recommending that Defendant Sheriff's Motion be granted in part and denied in part (the "Report") [ECF No. 128]. Defendant Sheriff filed Objections to the Report [ECF No. 129].[2] The Court has reviewed the Report [ECF No. 128], Defendant Sheriff's Objections [ECF No. 129], and the full record. For the reasons set forth below, the Report [ECF No. 128] is **ACCEPTED IN PART AND REJECTED IN PART** as detailed below.

---

[1] The Court denied Defendant Sheriff's initial motion for bill of costs without prejudice for failure to include a certificate of conferral as required by S.D. Fla. L.R. 7.1(a)(3) [ECF No. 102].

[2] Plaintiff has neither filed objections to the Report nor responded to Defendant Sheriff's objection, and the time to do so has expired [*See* ECF No. 128 p. 5].

CASE NO. 21-14290-CIV-CANNON/McCabe

**RELEVANT BACKGROUND**

On May 24, 2023, the Court granted Defendant Sheriff's Motion for Summary Judgment on all counts against him because Plaintiff failed to comply with the notice requirement of Fla. Stat. § 768.28(6)(a) [ECF No. 77]. On May 24, 2023, the Court entered final judgment in favor of Defendant Sheriff [ECF No. 78]. Subsequent to the Court's entry of final judgment, Defendant Sheriff filed the Renewed Motion for Bill of Costs (the "Motion"), seeking $3,881.73 in taxable costs [ECF No. 108 p. 1]. This Court referred the Motion to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 109]. On April 4, 2023, Judge McCabe issued a report, recommending that the Motion be granted in part and denied in part, and that Defendant Sheriff be awarded $1,016.03 in taxable costs [ECF No. 128 p. 5]. Defendant Sheriff timely filed Objections to the Report [ECF No. 129]. The Report is ripe for adjudication [ECF Nos. 128, 129].

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

The Report first correctly determines that Defendant Sheriff is a prevailing party within the meaning of Rule 54(d)(1) and is therefore entitled to an award of costs [ECF No. 128 p. 2 (citing Fed. R. Civ. P. 54(d)(1))].[3] In determining the amount to be awarded to Defendant Sheriff, the Report concludes that Defendant Sheriff should be awarded his service of process costs ($45.00), fees for copying certain state court records ($66.03), and post-judgment interest pursuant to 28 U.S.C. § 1961 [ECF No. 128 pp. 3–5].  However, the Report declines to award Defendant Sheriff the total amount requested for costs associated with three depositions taken by Defendant Sheriff during the course of the litigation [ECF No. 128 pp. 3–4].  Specifically, while the Report recommends that Defendant Sheriff be awarded the costs of court reporter attendance fees for the depositions ($905.00), the Report "declines to allow costs for ordering transcripts, condensed transcripts, and the like" [ECF No. 128 p. 3].  Because Defendant Sheriff did not cite to any of the depositions in his motion for summary judgment and "prevailed at summary judgment without the need for these transcripts," the Report concludes that the deposition transcripts were not "necessarily obtained for use in the case" and not recoverable as costs under 28 U.S.C. § 1920(2) [ECF No. 128 p. 3].

Defendant Sheriff objects to the Report's determination that the costs of ordering the deposition transcripts are not recoverable [ECF No. 129 pp. 2–3].  Defendant Sheriff disagrees with the Report's conclusion that "depositions **must** be filed with the Court or used at trial as a condition precedent to those costs being awardable to the prevailing party" [ECF No. 129 p. 2 (emphasis in original)].  Instead, Defendant Sheriff argues that the correct standard is "whether the

---

[3] Plaintiff did not object to this portion of the Report, and the time to do so has elapsed [*See* ECF No. 128 p. 5].

3

deposition was related to an issue in the case **when the deposition was taken**" [ECF No. 129 p. 2 (emphasis in original)].  Defendant Sheriff submits that the depositions at issue here—of Defendant O'Leary, Plaintiff, and Plaintiff's girlfriend Kelsey Carrick, an eyewitness to the events in question—were directly related to the claims of excessive force, false arrest, and violation of privacy that were pending against Defendant Sheriff at the time they were taken [ECF No. 129 pp. 2–3]. As such, Defendant Sheriff argues that he should be entitled to recover the full costs of ordering the transcripts associated with each of the depositions ($3,770.70) [ECF No. 129 p. 3; *see also* ECF No. 108 p. 1].

On this point, the Court agrees with Defendant Sheriff. While the cases cited by the Report note that use of a deposition transcript at trial or on summary judgment is evidence of their necessity, it is not clear based on those cases that submission of the transcripts to the Court is a prerequisite for an award of costs. Instead, the standard is whether "the deposition was wholly or partially 'necessarily obtained for use in the case.'" *U.S. E.E.O.C. v. W&O, Inc*., 213 F.3d 600, 621 (11th Cir. 2000) (quoting 28 U.S.C. § 1920(2)). The three depositions at issue meet that standard. Though Defendant Sheriff did not ultimately submit the deposition transcripts in support of his motion for summary judgment, the Court cannot conclude that the cost of ordering transcripts of the depositions of three of the key players in the case was unnecessary given the fact that the substantive claims against Defendant Sheriff were still pending at summary judgment. In fact, should the Court have rejected any portion of Defendant Sheriff's motion for summary judgment, the case may have proceeded to trial, where Defendant Sheriff would have been in the position of cross-examining any of the three witnesses, at which time the transcripts would unquestionably have become necessary under Eleventh Circuit precedent. *See E.E.O.C.*, 213 F.3d at 621 ("Taxation of deposition costs of witnesses on the losing party's witness list is reasonable

because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery." (internal citations and quotation marks omitted)).

Thus, while the Court agrees with the Report in all other respects, the Court declines to find that the costs of obtaining the three transcripts was outside the bounds of recoverable costs simply because Defendant Sheriff did not cite to the transcripts in his motion for summary judgment. *See Soler v. McHenry*, 771 F. Supp. 252, 255 (N.D. Ill. 1991), *aff'd sub nom. Soler v. Waite*, 989 F.2d 251 (7th Cir. 1993) ("The question is whether the particular deposition was reasonably necessary to the case, not whether it was actually employed in court.").

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 128] is **ACCEPTED IN PART AND REJECTED IN PART**.

2. Defendant Sheriff William D. Snyder's Renewed Motion for Bill of Costs [ECF No. 108] is **GRANTED**.

3. Defendant Sheriff is entitled to recover taxable costs in the amount of $3,881.73 as detailed in the Bill of Costs [ECF No. 108 p. 1].

4. This judgment shall bear interest as prescribed by 28 U.S.C. § 1961.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of September 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record